UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FERNANDO LOPEZ VASQUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-26-147-G |
| ) | |
| ROBERT CERNA, Acting Field ) | |
| Office Director of Dallas Field Office, ) | |
| U.S. Immigration and Customs ) | |
| Enforcement, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

Petitioner Fernando Lopez Vasquez, appearing through counsel, initiated this habeas corpus proceeding pursuant to 28 U.S.C. § 2241 on January 28, 2026. *See* Pet. (Doc. No. 1). The Petition alleged that Petitioner was detained at the U.S. Immigration and Customs Enforcement field office in Oklahoma City, Oklahoma. *See id.* at 1. Contemporaneously with the initiation of this proceeding, Petitioner sought injunctive relief precluding his transfer outside the Western District of Oklahoma. *See* Pet'r's Emergency Mot. (Doc. No. 3).

Petitioner is now in custody at Bluebonnet Detention Center in Anson, Texas. *See* Resp'ts' Notice of Jan. 29, 2026 (Doc. No. 8) at 1.

On January 29, 2026, Respondents stated that Petitioner "was not in custody within the jurisdiction of" the Western District of Oklahoma when the Petition was filed. *Id.* at 1. Respondents therefore sought transfer of this action to the Northern District of Texas or, in the alternative, dismissal. *See id.* Petitioner disputed Respondents' factual assertion and

objected to the relief sought.  *See* Pet'r's Am. Resp. (Doc. No. 10) at 2-3.  The Court directed Respondents to further brief the issue.  *See* Order of Jan. 30, 2026 (Doc. No. 13).

Respondents have now filed a Reply (Doc. No. 14), acknowledging that Petitioner was in the Western District of Oklahoma when this proceeding was initiated at 2:46 p.m. on January 28, 2026.  *See id.* at 1.  Respondents state that they had begun transferring Petitioner from the Western District of Oklahoma to Bluebonnet Detention Center, "in the normal course," before counsel for Respondents became aware of this habeas action.  *See id.* at 1-2 & n.1.  Respondents' Reply also presents argument as to why transfer or dismissal is required.  *See id.* at 3-5.

Because Respondents' Reply expressly corrects Respondents' prior factual assertion that Petitioner had been transferred prior to the filing of this case, the Court construes the Reply as withdrawing or conceding any argument premised on that factual assertion.  The question of the Court's exercise of jurisdiction remains, however.

IT IS THEREFORE ORDERED that Petitioner shall, no later than 12:00 p.m. on February 6, 2026, file a supplemental brief, responding to Respondents' additional arguments regarding (1) transfer or dismissal and (2) the mootness of Petitioner's Emergency Motion (Doc. No. 3).

IT IS FURTHER ORDERED that the deadline for Respondents to respond to Petitioner's Emergency Motion (Doc. No. 3) is hereby STAYED, pending further order from the Court.

IT IS SO ORDERED this 4th day of February, 2026.

                                                            *[signature]*
CHARLES B. GOODWIN
United States District Judge