**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FERNANDO LOPEZ VASQUEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-147-G** |
| | ) | |
| **ROBERT CERNA, Acting Field Office Director of Dallas Field Office, U.S. Immigration and Customs Enforcement, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

## ORDER

Petitioner Fernando Lopez Vasquez initiated this habeas corpus proceeding pursuant to 28 U.S.C. § 2241 on January 28, 2026, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). *See* Pet. (Doc. No. 1). Respondents have filed an Answer (Doc. No. 19).

The Petition alleged that Petitioner was detained at the ICE Field Office in Oklahoma City, Oklahoma. *See* Pet. ¶¶ 1, 13, 16. The day after the Petition was filed, Respondents notified the Court that Petitioner had been transferred to Bluebonnet Detention Center in Anson, Texas. *See* Resp'ts' Notice (Doc. No. 8) at 1. He remains detained at that facility. Pet'r's Resp. to Order to Show Cause (Doc. No. 21) at 2.

---

[1] Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, and Todd Blanche, Attorney General of the United States, are hereby substituted as respondents for Kristi Noem and Pamela Bondi, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

Arguing that the Court lacks jurisdiction over the action, Respondents assert that either transfer of this action to the U.S. District Court for the Northern District of Texas or dismissal is required. *See* Resp'ts' Notice at 1-2; Answer at 2-5; Resp'ts' Reply (Doc. No. 14). Petitioner opposes both transfer and dismissal. *See* Pet'r's Am. Resp. (Doc. No. 10); Pet'r's Suppl. Br. (Doc. No. 17).

*I. Relevant Background*

*A. The Petition*

Petitioner, a "native of Mexico," entered the United States at the age of 15 and has lived in the country since that time—approximately 20 years. Pet. ¶¶ 5-6; *see* Pet'r's Mot. (Doc. No. 3) at 3; Answer at 2.

On January 25, 2026, Petitioner received assistance for a disabled vehicle from emergency responders. Pet. ¶¶ 8-9. Petitioner was then detained by law enforcement due solely to his "suspected immigration status." *Id.* ¶¶ 10-12.

Petitioner was transferred into ICE custody on January 28, 2026. *Id.* ¶ 11. Petitioner was initially detained at the ICE Field Office in Oklahoma City. *See id.* ¶¶ 1, 13; Resp'ts' Reply at 1. The Petition identifies Robert Cerna, Acting Field Office Director of the ICE Field Office in Dallas, Texas, as Petitioner's "immediate custodian" and the official "responsible for Petitioner's detention and removal." Pet. ¶ 37.

*B. The Initiation and Filing of Petitioner's Habeas Proceeding*

Petitioner's counsel submitted the Petition to the Court Clerk by email at 11:03 a.m. on January 28, 2026. Pet'r's Am. Resp. at 3, 9. At 11:13 a.m., Petitioner's counsel emailed the Petition to an ICE officer at the Oklahoma City ICE Field Office. *Id.* at 3, 11.

According to the Declaration of Brandon Hilbun, an ICE acting supervisory detention and deportation officer, at 12:53 p.m. on January 28, 2026, Petitioner was booked into a "Hold Room" in the Oklahoma City ICE Field Office. *See* Resp'ts' Reply Ex. 1, Hilbun Decl. (Doc. No. 14-1) ¶ 4. The Hold Room "is not a detention facility, and subjects are generally held there for 24 hours or less." *Id.*

The Petition was filed and this civil case opened by the Court Clerk at 2:41 p.m. on January 28, 2026. *See* Doc. No. 1 (receipt). Petitioner's counsel received e-mail notice of the opening of the case at 2:46 p.m. *See* Pet'r's Am. Resp. at 3, 12.

Respondents represent that at 3:46 p.m., Petitioner was "moved from the Oklahoma City Field Office" to Bluebonnet Detention Facility in Anson, Texas. Resp'ts' Reply at 1; *see* Hilbun Decl. ¶¶ 5-6.[2]

At 5:22 p.m. on January 28, 2026, the Court issued an Order directing Respondents to file a pre-answer motion or an answer to the Petition and to provide at least 72-hours' notice prior to moving the Petitioner. *See* Order (Doc. No. 5) at 1-2. Counsel for Respondents received an email notification of the Court's Order at 5:26 p.m., but the email was not reviewed and relayed to an ICE official "until later." Resp'ts' Reply at 1 n.1.

---

[2] According to Officer Hilbun, the Bluebonnet Detention Center had space to receive Petitioner, and individuals who are citizens of Mexico, like Petitioner, "usually go to Bluebonnet." Hilbun Dec. ¶ 6.

## *II. Discussion*

### *A. The Court's Jurisdiction*

The record therefore reflects, and the parties do not dispute, that Petitioner was located in Oklahoma City, within the Western District of Oklahoma, when this action was initiated and filed. *See* Pet'r's Am. Resp. at 2-3; Resp'ts' Reply at 1; Hilbun Decl. ¶¶ 4-5.

Respondents argue that transfer to the Northern District of Texas or dismissal of this action is required, however, because Petitioner was outside the Western District of Oklahoma when the case "became operative/coercive" as to Respondents and because Petitioner did not name a custodian within the Court's jurisdiction. Resp'ts' Reply at 1-2; *see* Answer at 2-5. Respondents further argue that the Court lacks jurisdiction over any official with the authority to direct Petitioner's release. Resp'ts' Reply at 3-5; Answer at 2-5.

Petitioner responds that Petitioner's transfer does not defeat the Court's jurisdiction because Respondents caused Petitioner's transfer. *See* Pet'r's Suppl. Br. at 1-2, 4. Petitioner further argues that Acting Director Cerna was his immediate custodian while he was held in Oklahoma City and during transit because Acting Director Cerna "has supervisory authority over ICE operations in Oklahoma." *Id.* at 4; *see also id.* at 7.

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). In *Rumsfeld v. Padilla*, the Supreme Court explained that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States," the petitioner generally "should name his warden as respondent and file the petition in the district of confinement." *Padilla*, 542

U.S. 426, 447 (2004). The "immediate custodian rule," which states "that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official," is the "default rule" for "core challenges"—i.e., challenges to "present physical confinement." *Id.* at 435 (internal quotation marks omitted). This respondent-custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court." *Id.* (quoting 28 U.S.C. §§ 2242, 2243).

The *Padilla* Court expressly declined to resolve, however, the issue of "whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation." *Padilla*, 542 U.S. at 435 n.8. Additionally relevant here is an "important but limited" exception to the default rule: "when the government moves a habeas petitioner after she properly files a petition naming her immediate custodian," "the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441 & n.14; *see also Pinson v. Berkebile*, 604 F. App'x 649, 652-53 (10th Cir. 2015). Stated differently, "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

Here, the Petition identified three respondents: Acting Director Cerna as "Petitioner's immediate custodian," Secretary Mullin as the official who "has ultimate custodial authority over Petitioner," and Attorney General Blanche as the official who is

"responsible for the Department of Justice," which operates the Executive Office of Immigration Review and the Immigration Court system. Pet. ¶¶ 37, 38, 40.

The Court finds that:

(1) At the time of the filing of the Petition, Petitioner was in ICE custody and detained in the ICE Oklahoma City Field Office. *Id.* ¶ 13; Hilburn Decl. ¶¶ 4-5.

(2) After the filing of the Petition, Respondents transferred Petitioner out of the Western District of Oklahoma. *See* Hilbun Decl. ¶¶ 5-6.

(3) The "Dallas Field Office of ICE Enforcement and Removal Operations" has "supervisory authority over ICE operations in Oklahoma." Pet'r's Suppl. Br. at 4, 7; Pet. ¶ 13.

(4) Respondent Cerna, as Acting Field Office Director of the ICE Field Office in Dallas, Texas, has authority over ICE operations both in Oklahoma and in Anson, Texas, where Petitioner is presently detained.

(5) Respondent Cerna, therefore, is able to effect the requested habeas relief.

Therefore, the undersigned concludes that Petitioner adequately identified both his immediate custodian at the time of filing and Respondents who are ultimately responsible for Petitioner's detention. *See* Pet. ¶¶ 37, 38, 40; *Ozturk v. Hyde*, 136 F.4th 382, 392-93 (2d Cir. 2025) (finding that the government's argument that a petitioner failed to name the proper respondent was not likely to succeed because the ICE field office director or a more remote custodian can be a proper respondent when a habeas petition is filed while an immigration detainee is in transit); *see also Padilla*, 542 U.S. at 439 (noting that

"identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged 'custody'"); 28 U.S.C § 2242 (requiring a habeas petition to allege "the name of the person who has custody over [the petitioner] . . . if known").

The undersigned also concludes that, in this instance, at least Acting Director Cerna is within the jurisdiction of the Court due to his supervision of ICE activities in Oklahoma, including ICE's detention of Petitioner and ICE's decision to transfer Petitioner from Oklahoma to Texas. *See* Hilbun Decl. ¶¶ 5-6; Pet. ¶ 17; *see also Kaliku v. U.S. Immigr. & Customs Enf't*, No. 24-3144, 2024 WL 4854523, at *2 (D. Kan. Nov. 21, 2024) (noting that "the United States Attorney," "ICE," and the ICE field office director "are responsible for complying with [the] Court's directives"); *Parra Molina v. Mullin*, No. CIV-26-456-HE, 2026 WL 1916277, at *1 (W.D. Okla. Apr. 7, 2026). The Court therefore rejects Respondents' argument that dismissal or transfer is required due to a lack of jurisdiction.

*B. Petitioner's Habeas Claims*

Petitioner argues that he is entitled to relief pursuant to *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *appeal docketed sub nom. Bautista v. U.S. Dep't of Homeland Sec.*, No. 25-7958 (9th Cir. Dec. 19, 2025). *See* Pet. ¶¶ 42-46.[3] Petitioner also

---

[3] According to Petitioner, the *Bautista* court "entered final judgment," which "certif[ied] a nationwide Bond Eligible Class" whose members, based on that court's issuance of declaratory relief, "are detained under § 1226(a), not § 1225(b)(2), and therefore, may not be denied consideration for release on bond." Pet. ¶¶ 25-26. On March 31, 2026, the Ninth Circuit ordered a stay of the district court order on which Petitioner relies to the extent the order "extend[s] beyond the Central District of California." *Bautista v. Exec. Off. for Immigr. Rev.*, No. 25-7958 (9th Cir. Mar. 31, 2026) (order).

argues that his continued detention without a custody determination violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment. *See* Pet. ¶¶ 23-24, 46, 48-52.

Respondents argue that Petitioner relies exclusively and improperly on *Bautista* and that Petitioner has not adequately claimed a violation of the INA premised upon 8 U.S.C. § 1225(b)(2)(A) being an unlawful basis for his detention. *See* Answer at 2, 5-8.

While Respondents are correct that the Petition is primarily based on *Bautista* and that its description of an independent INA claim is relatively meager, the Court finds that Petitioner's allegations are sufficient to plausibly assert such a claim. In describing the controlling law, Petitioner states that the "threshold legal question" when immigration detention is challenged is "whether [the] detention authority arises under § 1226(a) or § 1225(b)(2)." Pet. ¶ 24. Petitioner claims that, based on the characteristics of his detention, he "is entitled to consideration for release under 8 U.S.C. § 1226(a)." *Id.* ¶¶ 32, 42. Petitioner further states:

> By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista v. Santacruz*.

*Id.* ¶ 46. This is enough, if only just, to raise as an independent ground for habeas relief that Petitioner is being held in custody in violation of § 1226(a) of the INA. *See Larios Lopez v. Gantt*, No. CIV-26-134-G, 2026 WL 2455796, at *1-2 (W.D. Okla. Aug. 21, 2026); *see also Puentes-Puentes v. Grant*, No. CIV-26-192-J, 2026 WL 657199, at *1-2 (W.D. Okla. Mar. 9, 2026) ("Petitioner discussed the framework under § 1226(a) and

addressed why he was eligible for a bond hearing. As such, the allegations in the Petition are sufficient to raise the § 1225 and § 1226 issue, and thus sufficient for the Court to determine Petitioner's case on the merits." (omission and internal quotation marks omitted)).

*C. Petitioner's Claim for Violation of the INA*

Petitioner asserts that Respondents' detention of him under 8 U.S.C. § 1225(b)(2) violates the INA. *See* Pet. ¶¶ 46. He argues that his detention should instead be governed by 8 U.S.C. § 1226(a), which permits release of a detained noncitizen on bond after an individualized custody determination. *See id.* ¶¶ 22-23; 8 U.S.C. § 1226(a)(2).

Petitioner's INA claim is controlled by the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, in which that court held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239-40 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶¶ 5-6, 8-9, 11; *Santillan Quiroz*, 180 F.4th at 1233-34. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*,

180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[4]

*D. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 11.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's Motion (Doc. No. 3) is DENIED as moot; and

3. Petitioner's remaining claims for relief are DISMISSED without prejudice.

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing

[4] Based on this determination, the Court need not reach Petitioner's remaining claims for relief.

was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 29th day of September, 2026.

CHARLES B. GOODWIN
United States District Judge